IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH STEWART,<br><br>   Plaintiff,<br><br> v.<br><br>SEIU UNITED HEALTHCARE WORKERS-WEST, et al.,<br><br>   Defendants.<br>_____/ | No. C 11-04438 JSW<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO DISMISS** |

Now before the Court is the motion by defendants SEI United Heathcare Worker-West ("UHW") and Rosa Vanegas (collectively, "Defendants") to dismiss Plaintiff Sarah Stewart's first, second, third, forth, and seventh claims, or in the alternative for a more definite statement as to Plaintiff's first and second claims, and the motion to dismiss by defendant Phyllis Willet.[1] The Court has considered the parties' papers, relevant legal authority, and it finds these matters suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for April 20, 2012 is VACATED. The Court grants in part and denies in part Defendants' motion to dismiss. The Court denies Defendants' motion for a more definite statement as moot.

**BACKGROUND**

Plaintiff was employed by UHW. Vanegas was one of Plaintiff's supervisors at UHW. Plaintiff alleges that she is disabled because she has diabetes and that UHW failed to provide

---

[1] Plaintiff does not oppose dismissing Willet from this action and does not oppose Willet's administrative motion to accept her motion to dismiss as timely. Accordingly, the Court GRANTS Willet's administrative motion and GRANTS Willet's motion to dismiss.

her with reasonable accommodations. She further alleges that UHW retaliated against her and that UHW discriminated against her based on her age. Plaintiff bring claims against UHW under the Americans with Disabilities Act ("ADA"), California's Fair Housing and Employment Act ("FEHA"), and the Age Discrimination in Employment Act ("ADEA"). Plaintiff also brings a claim for negligent infliction of emotional distress against Vanegas. The Court shall address specific additional facts in the remainder of this Order.

**ANALYSIS**

**A.    Applicable Legal Standards.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint, when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice. *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Even under Rule 8(a)'s liberal pleading standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a

complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted).

Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). Motions for more a definite statement are disfavored and are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Moreover, such motions may not be used as a substitute for discovery. *Id*.

**B.     Defendants' Motion to Dismiss.**

**1.     Statute of Limitations.**

Under the ADEA and the ADA, a plaintiff must file a charge with the EEOC either 180 or 300 days after the alleged unlawful employment practice occurred to bring an action. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). Under FEHA, the complainant must file an administrative charge within one year after the alleged unlawful practice occurred. Cal. Gov't Code § 12960.

Defendants argue that the intake questionnaire filed by Plaintiff did not constitute a charge. Plaintiff counters that the intake questionnaire was sufficient as a charge. In support of their opposite positions, both parties cite to the Supreme Court case of *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), where the Court held that, in the context of the ADEA, an intake questionnaire could be considered a charge. The Court held that, under the ADEA:

> In addition to the information required by the regulations, i.e., an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.

*Id*. at 402. With respect to the intake questionnaire at issue in *Holowecki*, the Court noted in *dicta* that, standing alone, the specific intake questionnaire in the record did not give rise to the inference that the employee requested action against the employer. *Id*. at 405.

3

1 The *Holowecki* Court explained that documents filed by employees with the EEOC
2 "should be construed, to the extent consistent with permissible rules of interpretation, to protect
3 the employee's rights and statutory remedies." *Id*. at 406. Courts have applied the standard
4 established in *Holowecki* to claims under the ADA and Title VII. *See, e.g.*, *Price v. City of New*
5 *York*, 797 F. Supp. 2d 219, 224-228 (E.D.N.Y. 2011). In contrast to the regulations under the
6 ADEA, the ADA and Title VII regulations require that "[a] charge shall be in writing and
7 signed and shall be verified." 29 C.F.R. § 1601.9. This appears to be the only distinction
8 between the regulations under ADEA and the ADA which is relevant here.[2]

9 The *Holowecki* Court noted that the "design of the form in use" at that time did "not
10 give rise to the inference that the employee requests action" by filing it. 552 U.S. at 405.
11 Commenting on the intake questionnaire before it, the Court noted that "the wording of the
12 questionnaire suggests the opposite: that the form's purpose is to facilitate 'pre-charge filing
13 counseling' and to enable the agency to determine whether it has jurisdiction over 'potential
14 charges.'" *Id*. However, the form submitted by Plaintiff here, has some material differences
15 from the form which was at issue in *Holowecki*. *See Wood v. Klamath Pub., Inc.*, 2010 WL
16 4365558, *5 (D.Or. Oct. 29, 2010) (noting that the language used in the EEOC's intake
17 questionnaire form considered by the *Holowecki* Court has changed in material ways).

18 The initial paragraph of the intake questionnaire form at issue here provides: "Upon
19 receipt, this form will be reviewed to determine EEOC coverage." (Lynn Decl., Ex. A.) In
20 contrast to the stated purpose at issue in *Holowecki*, the form here states that "[t]he purpose of
21 the questionnaire is to solicit information ... to enable the Commission to act on matters within
22 its jurisdiction." (*Id*.) The form continues to provide: "When this form constitutes the only
23 timely written statement of allegations of employment discrimination, the Commission will,

---

[2] Although Plaintiff's intake questionnaire was not verified, this defect was cured by her subsequent submission to the EEOC. As the court noted in *Price*, "[t]he regulations state that '[a] charge may be amended to cure technical defects or omissions, including failure to verify the charge' and that '[s]uch amendments ... will relate back to the date the charge was first received.'" *Price*, 797 F. Supp. 2d at 226-27 (quoting 29 C.F.R. § 1601.12(b)). Here, it is undisputed that Plaintiff signed and verified a charge with the EEOC on July 8, 2008 which references the same alleged discriminatory conduct. (Declaration of Sherry Lynn ("Lynn Decl."), Ex. B.)

4

1  consistent with [the regulations], consider it to be a sufficient charge of discrimination under the
2  relevant statute(s)." (*Id*.) Based on this language, the Court finds that the intake questionnaire
3  may be reasonably be construed as a request by Plaintiff for the EEOC to take action against her
4  employer to protect her rights, and, thus, is sufficient to constitute a charge. Other courts
5  examining the language of the form used by Plaintiff have come to the same conclusion. *See,*
6  *e.g. Bland v. Fairfax County, Va.*, 799 F. Supp. 2d 609, 615-17 (E.D.Va. 2011); *Tucker v.*
7  *Howard University Hosp.*, 764 F. Supp. 2d 1, 7–8 (D.D.C. 2011); *Wood v. Klamath Pub., Inc.*,
8  2010 WL 4365558, *5 (D.Or. 2010).

9        The parties concur that, based on the filing of the Intake Questionnaire on June 19,
10 2008, all conduct prior to August 24, 2007 is not actionable under the ADA as time barred.
11 (Defendant's Mot at 5; Plaintiff's Opp. at 7.) Despite Plaintiff's concession that only actions
12 between August 24 and August 27, 2007 are actionable under the ADA, it is not clear from her
13 complaint what acts, if any other than her termination, occurred during this four-day period. To
14 the extent Plaintiff seeks to bring a claim for failure to accommodate, Plaintiff shall allege when
15 the facts upon which she brings this claim occurred during this four-day period. Based on what
16 Plaintiff has alleged so far, it is not clear whether Plaintiff could allege the existence of any
17 discrete discriminatory acts related to her requests for accommodations within this four-day
18 period, as opposed to the continuing effects from the past discrimination. The continued effects
19 from alleged refusals to accommodate which to pre-date this four-day period would be
20 insufficient to state a timely claim. *See Tobin v. Liberty Mutual Ins. Co*., 553 F.3d 121, 130-
21 131 (1st Cir. 2009) (holding that the denial of a disabled employee's request for accommodation
22 is a discrete act which starts the clock running for the statute of limitations on the day it occurs
23 and the timeliness of a plaintiff's claim "turns solely on whether an actionable denial of his
24 request for accommodations occurred during the limitations period."). Notably, Plaintiff does
25 not allege whether she requested an accommodation at any point during this four-day period.
26 Accordingly, the Court will grant Defendants' motion to dismissing Plaintiff's ADA claim

5

1 based on the failure to accommodate, but will provide Plaintiff with leave to amend to clarify
2 the factual basis of her failure to accommodate claim.[3]

### 2. Plaintiff's Retaliation Claims.

To state a claim for retaliation under the ADA, a plaintiff must allege: (1) he or she engaged in a statutorily protected activity; (2) he or she suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *Rav v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000); *Flait v. North American Watch Corp.*, 3 Cal. App. 4th 467, 476 (1992). Here, other than her termination, it is not clear if Plaintiff contends that she suffered any other adverse employment actions during the four-day period under the ADA, or the approximately two-month period under FEHA. Moreover, it is not clear from what protected activity Plaintiff alleges her termination, or any other timely adverse employment actions, were in retaliation. Therefore, the Court will grant Defendants' motion to dismiss Plaintiffs' retaliation claims under the ADA and FEHA. If Plaintiff amends her retaliation claims, she is directed to allege sufficient facts from which a reasonable trier of fact could conclude there is a causal connection between some protected activity by her and the alleged timely adverse employment actions.

### 3. Plaintiff's Age Discrimination Claims.

Defendants move to dismiss Plaintiff's age discrimination claims under the ADEA and FEHA on the grounds that Plaintiff fails to allege that she was terminated because of her age or that Defendants were motivated by age discrimination. Upon review of Plaintiff's complaint, the Court concludes that Plaintiff has alleged facts which are sufficient to raise an inference of age discrimination. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's age discrimination claims on this ground.

---

[3] Although under FEHA Plaintiff may seek redress for conduct as far back as June 19, 2007, except for her termination, Plaintiff has not alleged any conduct which occurred after this date either. Therefore, the Court will also grant Defendants' motion to dismiss Plaintiff's failure to accommodate claim under FEHA but will provide Plaintiff with leave to amend.
Plaintiff's claims for failure to accommodate under the ADA and FEHA fail for the additional reason that Plaintiff does not allege what major life activity is substantially limited as required by the ADA, or even just limited as required under FEHA.

6

1  However, as Plaintiff concedes, she is not entitled to recover damages for pain and
2  suffering under the ADEA. *See Naton v. Bank of Calif.*, 649 F.2d 691, 698-699 (9th Cir. 1981).
3  Accordingly, Plaintiff shall amend her ADEA claim to delete her request for this type of
4  damages.

### 4. Plaintiff's Negligent Infliction of Emotional Distress.

Plaintiff concedes that the only incident in support of her claim for negligent infliction of emotional distress claim against Vanegas which is not time-barred is her allegation that Vanegas falsely testified to an EEOC investigator that Plaintiff's work performance was deficient. "[T]here is no independent tort of negligent infliction of emotional distress." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993). Rather, it "is a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply." *Huggins v. Longs Drug Stores Cal., Inc.*, 6 Cal. 4th 124, 129 (1993). A "duty may be imposed by law, be assumed by the defendant, or exist by virtue of a special relationship." *Potter*, 6 Cal. 4th at 985 (citing *Marlene F. v. Affiliated Psychiatric Med. Clinic,* 48 Cal. 3d 583, 590 (1989)). "The existence of a duty is a question of law." *Huggins,* 6 Cal. 4th at 129 (citing *Marlene F.,* 6 Cal. 4th at 588).

Assuming *arguendo* that there is a duty to refrain from making false statements about Plaintiff to an EEOC investigator, Plaintiff must also allege that she suffered severe emotional distress from Vanegas' alleged statements to this third party. "With respect to the requirement that the plaintiff show severe emotional distress, [the California Supreme Court] has set a high bar." *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (Cal. 2009). "Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Potter*, 6 Cal. 4th at 1004 (internal quotation marks and citations omitted). In *Hughes*, the California Supreme Court held that allegations that the plaintiff "suffered discomfort, worry, anxiety, upset stomach, concern, and agitation" as a result of the defendant's conduct were not sufficient to amount to "severe" emotional distress. *Hughes*, 46 Cal. 4th at 1051. Here, Plaintiff merely alleges that she suffered "anguish, nervousness, anxiety, worry, shock, humiliation, and shame." (Compl., ¶ 63.) Such allegations

7

do not appear to be different in nature from the allegations rejected by the California Supreme Court in *Hughes*. Moreover, Plaintiff alleges that she suffered this emotional distress from all of Defendants' alleged conduct, which includes conduct that Plaintiff concedes is time-barred. Accordingly, the Court grants Defendants' motion to dismiss this claim but will provide Plaintiff with leave to amend. If Plaintiff elects to amend this claim, she should take care to plead facts which are sufficient to show that she suffered severe emotional distress from the alleged false statements Vanegas made to the EEOC investigator.[4]

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. As set forth above, Plaintiff's claims for failure to accommodate and for retaliation under the ADA and FEHA, as well as Plaintiff's claim for negligent infliction of emotional distress, are dismissed with leave to amend. The Court DENIES Defendants' motion to dismiss Plaintiff's ADEA claim but is ordering Plaintiff to amend this claim to delete her request for damages for pain and suffering. Plaintiff shall file her amended complaint within twenty days of the date of this Order. Defendants shall either file an answer or move to dismiss within twenty days of service of the amended complaint.

**IT IS SO ORDERED.**

Dated: April 17, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[4] Based on the Court's order granting in part and denying in part Defendants' motion to dismiss, the Court DENIES Defendants' motion for a more definite statement as MOOT.

8