IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SARAH STEWART,

    Plaintiff,

v.

SEIU UNITED HEALTHCARE WORKERS-WEST, et al.,

    Defendants.

No. C 11-04438 JSW

**ORDER REGARDING DEFENDANTS' MOTION TO DISMISS**

Now before the Court is the motion by defendants SEI United Heathcare Worker-West ("UHW") and Rosa Vanegas (collectively, "Defendants") to dismiss Plaintiff Sarah Stewart's first, second, and fifth claims in her first amended complaint ("FAC"). The Court has considered the parties' papers, relevant legal authority, and it finds these matters suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for July 27, 2012 is VACATED. The Court denies Defendants' motion to dismiss.

## BACKGROUND

Plaintiff was employed by UHW. Vanegas was one of Plaintiff's supervisors at UHW. Plaintiff alleges that she is disabled because she has diabetes and that UHW failed to provide her with reasonable accommodations. She further alleges that UHW retaliated against her and that UHW discriminated against her based on her age. Plaintiff bring claims against UHW under the Americans with Disabilities Act ("ADA"), California's Fair Housing and Employment Act ("FEHA"), and the Age Discrimination in Employment Act ("ADEA").

Plaintiff also brings a claim for negligent infliction of emotional distress against Vanegas. The Court shall address specific additional facts in the remainder of this Order.

**ANALYSIS**

**A.     Applicable Legal Standards.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint, when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice. *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Even under Rule 8(a)'s liberal pleading standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted).

**B.     Defendants' Motion to Dismiss.**

UHW moves to dismiss Plaintiff's claims for failure to accommodate and for retaliation under the ADA and FEHA for failure to state a claim. In the Order dismissing Plaintiff's initial complaint, the Court held that, based on the filing of the Intake Questionnaire on June 19, 2008, all conduct prior to August 24, 2007 was not actionable under the ADA as time-barred and all conduct before June 19, 2007 was time-barred under FEHA. The Court informed Plaintiff that she needed to make clear what conduct, other than her termination, happened during this brief period before she was terminated on August 27, 2007. Specifically, Plaintiff had not alleged that she made any requests for accommodations during this period. Merely alleging continued effects from prior refusals to accommodate was insufficient to state a claim that was not time-barred. Additionally, Plaintiff had not alleged facts that were sufficient to show that she was disabled under the ADA. With respect to her claim for retaliation, the Court found that Plaintiff had not clearly alleged from what protected activity she alleged her termination, or any other timely adverse employment actions, were in retaliation.

In her FAC, although Plaintiff still appears to rely heavily on conduct that occurred before the actionable time period, she does allege, albeit barely, sufficient facts to state a claim. Plaintiff alleges that she suffers from "brittle" diabetes and that the stress of working so many hours had a negative impact on the control of her diabetes. (FAC, ¶¶ 8, 14, 18.) Plaintiff alleges that on August 23 and 24, 2007, she requested accommodations in her emails. (*Id*., ¶ 35.) Moreover, Plaintiff now alleges that she was terminated in retaliation for a complaint she filed with the EEOC in March 2007. (FAC, ¶ 27.) Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's first and second claims against the UHW.

Vanegas moves to dismiss the claim for negligent infliction of emotional distress. In response to Defendant's motion to dismiss her initial complaint, Plaintiff conceded that the only incident in support of her claim for negligent infliction of emotional distress claim against Vanegas which is not time-barred was her allegation that Vanegas falsely testified to an EEOC investigator that Plaintiff's work performance was deficient. The Court dismissed Plaintiff's claim based on her failure to allege that she suffered severe emotional distress. Plaintiff cured

this defect in her FAC. Without knowing the specific content of Vanegas's alleged false testimony to the EEOC investigator and what was told to Plaintiff, the Court cannot determine whether Venegas breached any duty owed to Plaintiff and whether Plaintiff may succeed on her claim for negligent infliction of emotional distress. However, the Court cannot find, at this procedural stage, that Plaintiff fails to state a claim for negligent infliction of emotional distress. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's claim against Vanegas.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss.

**IT IS SO ORDERED.**

Dated: July 19, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE