IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH STEWART,<br><br>    Plaintiff,<br><br>  v.<br><br>SEIU UNITED HEALTHCARE WORKERS-WEST, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-04438 JSW<br><br>**ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

    Now before the Court is the motion by defendant SEI United Heathcare Worker-West ("UHW") for summary judgment. The Court has considered the parties' papers, relevant legal authority, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for December 7, 2012 is VACATED. The Court grants in part and denies in part UHW's motion for summary judgment.[1]

**BACKGROUND**

    Plaintiff was employed by UHW. Plaintiff contends that she is disabled because she has diabetes. Plaintiff bring claims against UHW under the Americans with Disabilities Act ("ADA"), California's Fair Housing and Employment Act ("FEHA"), and the Age Discrimination in Employment Act ("ADEA").

---

[1] In violation of the Northern District Civil Local Rules, UHW asserts evidentiary objections to the evidence submitted by Plaintiff in a separate brief. Pursuant to Northern District Civil Local Rule 7-3(c), "[a]ny evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum." The Court declines to address these evidentiary objections filed in violation of the local rules.

1  As the Court previously addressed, due to the statute of limitations, the time-frame of
2  Plaintiff's claims is quite limited. Plaintiff was terminated on Monday, August 27, 2007. In the
3  Order dismissing Plaintiff's initial complaint, the Court held that, based on the filing of the
4  Intake Questionnaire on June 19, 2008, all conduct prior to Friday, August 24, 2007 was not
5  actionable under the ADA as time-barred and all conduct before June 19, 2007 was time-barred
6  under FEHA. Under the guise of providing background and context, Plaintiff continues to
7  devote the majority of her opposition to the discussion of events which occurred prior to June
8  19, 2007.
9  The Court will address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.  Applicable Legal Standards.**

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v.*

1  *Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party meets its initial
2  burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth
3  specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

4  In order to make this showing, the non-moving party must "identify with reasonable
5  particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275,
6  1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact
7  must take care adequately to point a court to the evidence precluding summary judgment
8  because a court is "'not required to comb the record to find some reason to deny a motion for
9  summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th
10 Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418
11 (9th Cir. 1988)). If the non-moving party fails to point to evidence precluding summary
12 judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.   Defendant's Motion.**

    **1.   Plaintiff's Disability Claims Under ADA and FEHA.**

Plaintiff contends that her termination was discrimination against based on her disability under the ADA and FEHA.[2] Plaintiff also alleges a claim for failure to accommodate. In her opposition to the motion for summary judgment, Plaintiff clarifies that she does not contend that UHW failed to provide an accommodation that she requested between August 24 and 27, 2007 for her ADA claim or between June 19 and August 27, 2007 for her FEHA claim. Instead, she argues that despite the fact that UHW provided the only accommodation she asked for – a reduction to a 40-hour work week – UHW failed to continue to offer additional accommodations that it should have deduced were required.

UHW argues that Plaintiff's claim under the ADA fails because Plaintiff she has not shown that she is disabled. Upon review of Plaintiff's opposition and supporting declarations, the Court finds that Plaintiff has submitted sufficient evidence to create a question of fact on

---

[2] It is not clear whether Plaintiff contends that she was discriminated against, in addition to her termination, between the August 24 and 27, 2007 for her ADA claim or between June 19 and August 27, 2007 for her FEHA claim. If she does contend she was subjected to discrimination in addition to her termination during the applicable time periods, she fails to submit any evidence in support of such contention.

3

1 this issue which precludes summary judgment. (Declaration of Sarah Stewart ("Stewart
2 Decl."), ¶¶ 1, 2, Ex. A.)

3 UHW also contends that Plaintiff has not shown that she is a qualified individual because she has not shown that she can perform the essential functions. UHW argues that Plaintiff's poor attendance precluded her from performing the essential functions of her position as an accounting associate. However, Plaintiff's testimony in her deposition raises questions of fact regarding the accuracy of UHW's position.

Next, UHW moves for summary judgment on the grounds that there is no causal connection between Plaintiff's disability and the termination. Plaintiff does not provide any evidence to show a causal connection. In fact, in her opposition, Plaintiff concedes that "there is little evidence to support a contention that the Plaintiff was terminated *because of her disability*." (Opp. at 16) (emphasis in original.) Accordingly, the Court grants UHW's motion on Plaintiff's claim that she was terminated because of her disability under the ADA and FEHA.

Under FEHA, Plaintiff also appears to assert a claim in her opposition brief for failure to accommodate or to engage in the interactive process. "Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations." *Humphrey v. Memorial Hosp. Ass'n.*, 239 F.3d 1128, 1137 (9th Cir. 2001). Moreover, the Ninth Circuit has made clear that "the duty to accommodate is a continuing one that is not exhausted by one effort. ... [T]he employer's obligation to engage in the interactive process extends beyond the first attempt at accommodation and continues when the employee asks for a different accommodation or where the employer is aware that the initial accommodation is failing and further accommodation is needed. " *Id.* (internal citation and quotation marks omitted).

In September 2005, almost two years before she was terminated, Plaintiff requested and was granted an accommodation to work no more than 40 hours a week. Plaintiff does not dispute that UHW granted her requested accommodation. Plaintiff also does not dispute that

4

she did not request any further accommodations or suggest that further accommodations were needed. Nevertheless, Plaintiff argues that UHW was required to, but failed, to engage in an interactive process after her requested accommodation was provided because it should have been apparent to UHW that the requested accommodation was insufficient. (Opp. at 13-14.) However, Plaintiff does not explain, or provide any evidence to show, how UHW should have been aware that Plaintiff required an accommodation in addition to reducing her hours to 40 hours a week. At most, Plaintiff argues that to the extent UHW contends that attendance is an essential function and it was concerned about Plaintiff's attendance at work, then UHW had a continuing obligation to explore whether other accommodations were desirable or possible. (Opp. at 20.) However, Plaintiff argues strenuously that her attendance at work was not a problem. Additionally, there is no evidence before the Court to show that UHW was aware that Plaintiff was late or missing work due to her diabetes. Therefore, there is no evidence that UHW was or should have been aware that the requested accommodation was failing. In the absence of such evidence, Plaintiff's claim for failure to accommodate or engage in the interactive process fails as a matter of law.[3]

### 2. Plaintiff's Retaliation Claims.

UHW also moves for summary judgment on Plaintiff's claims for retaliation. To establish a prima facie case of retaliation, Plaintiff must demonstrate "(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1269 (9th Cir. 2009) (citation omitted). As with a discrimination claim, the burden then shifts to the employer to show a legitimate nondiscriminatory reason for the adverse employment action. If the employer meets this burden, the plaintiff must then demonstrate that the employer's reason is a pretext. *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 504 n.4 (9th Cir. 1989).

---

[3] UHW argues that this theory that UHW failed to continue to accommodate and engage in the interactive process is completely new and that UHW would be prejudiced by the Court's consideration of this new theory at this late stage in the litigation. Because the Court finds that this legal theory is not supported by evidence in the record, the Court need not determine whether Plaintiff is precluded from asserting this theory at this late stage.

5

1    "Protected activities include: (1) opposing an unlawful employment practice; and (2)
2    participating in a statutorily authorized proceeding." *E.E.O.C. v. Luce, Forward, Hamilton &*
3    *Scripps*, 303 F.3d 994, 1005 (9th Cir. 2002). Plaintiff argues that she engaged in two protected
4    activities: (1) her request for a 40-hour work week in September 2005 and (2) "her protest of the
5    disparate treatment which she endured for a long period between the granting of her request for
6    accommodation and the termination."[4] (Opp. at 13.)[5] Plaintiff's sole argument, and evidence in
7    support of her retaliation claim, is to contend that UHW's proffered reason for her termination
8    is not credible. (Opp. at 17-18.) However, unless and until Plaintiff has sufficient evidence to
9    demonstrate a prima facie case, the Court need not address whether UHW has proffered a
10   legitimate basis for her termination or whether it's proffered reason is mere pretext for a
11   discriminatory purpose.

12   There is simply no evidence of a nexus between the protected activity and the alleged
13   adverse employment actions. *See McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1124 (9th
14   Cir. 2004) (affirming grant of summary judgment for retaliation claim where plaintiff had
15   proffered no evidence of a causal link between the protected activity and denial of promotion).
16   "Causation sufficient to establish the third element of the prima facie case may be inferred from
17   circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in
18   protected activities and the proximity in time between the protected action and the allegedly
19   retaliatory employment decision." *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987).
20   However, Plaintiff was terminated almost two years after she requested an accommodation in

---

[4] Although Plaintiff argues that this was a protected activity, she does not provide *any* evidence in support of her alleged protests. She fails to show *when* and to *whom* she made these purported protests. In the absence of such evidence, the Court finds that Plaintiff fails to establish a prima facie case based on her protests as an alleged protected activity.

[5] It is not clear whether Plaintiff also contends that her filing of an EEOC complaint was also a protected activity in support of her retaliation claim. If she does, Plaintiff fails to provide sufficient evidence of a prima facie case in support of this claim. Although Plaintiff alleges that she was terminated in retaliation for a complaint she filed with the EEOC in March 2007, Plaintiff fails to provide any *evidence* of this complaint and, even more importantly, of when UHW became aware of this alleged complaint with the EEOC. "Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity." *Cohen v. Fred Meyer, Inc.*, 689 F.2d 793, 796 (9th Cir. 1982).

6

1 September 2005. The long passage of time between the alleged protected act and the alleged
2 adverse action precludes drawing an inference of retaliation. *See, e.g., Manatt v. Bank of*
3 *America*, 339 F.3d 792, 802 (9th Cir. 2003) (holding that nine-month period of time between
4 protected activity and alleged retaliatory action was too long to create an inference of
5 retaliation); *see also Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273 (2001) (per curiam)
6 (noting that a court may not infer causation from temporal proximity unless the time between an
7 employer's knowledge of protected activity and an adverse employment action is "very close"
8 and citing cases for the proposition that a three-month and four-month time lapse is insufficient
9 to infer causation). Accordingly, the Court finds that Plaintiff's claims for retaliation fail as a
10 matter of law.

### 3. Plaintiff's Age Discrimination Claim.

12 Plaintiff also brings a claim for age discrimination under the ADEA and FEHA. The
13 ADEA prohibits "arbitrary age discrimination in employment." 29 U.S.C. § 621(b). The
14 ADEA makes it "unlawful for an employer ... to fail or refuse to hire or to discharge any
15 individual [who is at least 40 years of age] ... because of such individual's age." *Id.* at §§
16 623(a), 631(a). FEHA similarly prohibits age discrimination. *See* Cal. Gov. Code § 12941 ("It
17 is an unlawful employment practice for an employer to refuse to hire or employ, or to discharge,
18 dismiss, reduce, suspend, or demote, any individual over the age of 40 on the ground of age,
19 except in cases where the law compels or provides for such action.").
20 Plaintiff must first establish a prima facie case of discrimination. *See Guz v. Bechtel*
21 *Nat'l, Inc.*, 24 Cal. 4th 317, 351-54 (2000); *Schnidrig v. Columbia Machine, Inc.*, 80 F.3d 1406,
22 1409 (9th Cir. 1996). If Plaintiff establishes a prima facie case of age discrimination, the
23 burden then shifts to UHW to articulate a legitimate, nondiscriminatory reason for its
24 employment decision. Then, in order to prevail, Plaintiff must demonstrate that UHW's alleged
25 reason for the adverse employment decision was a pretext for another, discriminatory or
26 retaliatory motive. *See Guz*, 24 Cal. 4th at 355-56; *see also Schnidrig*, 80 F.3d at 1409;
27 *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

Plaintiff may establish a prima facie case of age discrimination by demonstrating that (1) she was a member of the protected class (age 40-70), (2) she was performing competently in the position she held, (3) she suffered an adverse employment action, and (4) she was replaced by a substantially younger employee. *See Guz*, 24 Cal. 4th at 355; *see also Schnidrig*, 80 F.3d at 1410.

Here, Plaintiff has submitted sufficient evidence to establish a prima facie case and to show that UHW's reason for terminating her was pretextual. Although UHW argues that Plaintiff was not adequately performing her job, Plaintiff's evidence creates questions of fact regarding the accuracy of UHW's position. Accordingly, the Court DENIES UHW's motion for summary judgment on Plaintiff's claims for age discrimination.

**CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part UHW's motion for summary judgment. The Court GRANTS's UHW's motion for summary judgment on Plaintiff's claims for disability discrimination and retaliation but DENIES the motion for summary judgment on Plaintiff's claims for age discrimination.

Pursuant to Northern District Civil Local Rule 72-1, this matter is HEREBY REFERRED to a randomly assigned Magistrate Judge for purposes of conducting a settlement conference, to be completed within sixty days, if possible.

**IT IS SO ORDERED.**

Dated: December 5, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

cc: Magistrate Referral Clerk